### Ex Parte Tom Angus.

*No. 3293. Decided November 30.*

1. **Habeas Corpus—Jurisdiction.**—The Constitution of this State empowers district judges to issue the writ of *habeas corpus* in felony cases, and the power thus conferred carries with it the jurisdiction to hear and determine the rights involved in the writ.

2. **Same.**—Unless otherwise limited by law, the jurisdiction of a district judge as to the subject matter involved in the writ of *habeas corpus* is coextensive with the limits of the State. He can issue the writ of *habeas corpus* to the officers of any county in the State; and, sitting in chambers, he may try the writ in any county in this State, unless prohibited by law.

3. **Same.**—When, as in this case—the writ involving a charge of felony—the jurisdiction of the district judge of the subject matter of the writ is beyond question, no

question can be raised as to his jurisdiction of the person of the relator, the relator having consented.

4. Same — Jurisdiction of the District Courts of Dallas County — Case. Stated.—On January 19, 1889, separate indictments for the murder of B. were returned against the relator and J., and filed in the District Court of Dallas County, the whole of which county at that time comprised the Fourteenth Judicial District. In February, 1889, the Legislature created the Forty-fourth Judicial District, comprising a part of Dallas County; to the judgeship of which new district the Hon. C. F. Tucker was appointed. He took the oath of office, and caused his commission to be entered upon the minutes of the new District Court on July 6, 1889. When the act creating the new District Court went into effect, the clerk of the District Court of Dallas County, in pursuance of the said act, made from the docket of the Fourteenth Judicial District Court the docket of the old and the new District Courts, apportioning, under the alternating system prescribed by the act, the indictment against the relator to the Fourteenth, and the indictment against J. to the Forty-fourth Judicial District Court. On June 20, 1889, J. applied for and was granted a writ of *habeas corpus* by the Hon. R. E. Burke, judge of the Fourteenth Judicial District, who made the same returnable before him on July 12, 1889. The hearing of the same, however, was postponed to July 31. On July 19 the relator applied to Judge Burke for the writ of *habeas corpus*, which was granted and made returnable before him on July 31. Judge Burke being absent on the said July 31, Judge Tucker, on the request of Judge Burke, heard the cases together, in chambers, and remanded the relator and awarded bail to J. The record shows the consent of the relator to the hearing of his writ by Judge Tucker. From this judgment the relator appealed, and the "Tucker record" is before this court. On August 3, 1889, repudiating Judge Tucker's jurisdiction, the relator applied to Judge Burke again for the writ of *habeas corpus;* its issuance was waived by the sheriff, and at the hearing, on October 7, 1889, Judge Burke, with all of the evidence before him, refused to pass upon the question of Judge Tucker's jurisdiction, and remanded the relator to custody, from which judgment the relator appeals on the "Burke record." Relying upon article 137 of the Code of Procedure, which provides, in effect that the writ of *habeas corpus* awarded *after* indictment must be made returnable in the county where the offense was committed, the counsel for the relator contend that, there being two District Courts in Dallas County, the writ awarded *after* indictment, within the meaning of said article 137, must be returned to the District Court in which the indictment was pending; or, that court not being in session, then before the judge of that court; citing article 138 of the Code of Procedure in support of the propositions. *Held*, that the propositions are not tenable, and that the said article 138 is merely directory. See the opinion *in extenso* upon the whole question, upholding the jurisdiction exercised by Judge Tucker, and the validity of the proceedings before him.

HABEAS CORPUS on appeal from the District Court of Dallas. Tried. below before Hon. C. F. Tucker.

The opinion discloses the case.

*Kearby, McCoy & Hayter* and *Crawford & Crawford*, for relator.

*W. L. Davidson*, Assistant Attorney-General, for the State.

HURT, JUDGE.—This record presents the following facts:

S. R. Johnson and Thomas Angus were indicted by the grand jury of. Dallas County, in separate bills, for the murder of Charles Bradley, in.

Dallas County, on January 16, 1889. The bills of indictment were returned into and filed in the District Court of Dallas County on January 19, 1889; and on the same day capiases were issued and Johnson and Angus were arrested and placed in jail in said county.

On the 6th day of July, 1889, Hon. Charles Fred. Tucker, who had been appointed by the Governor judge of the Forty-fourth District, took the oath of office, and caused the same, with his commission, to be entered in the minutes of the Forty-fourth District Court.

When the act of the Legislature creating the Forty-fourth Judicial District went into effect, the clerk of the District Court of Dallas County, in pursuance of said act, made up a docket for each court, to-wit: For the Fourteenth District Court and for the Forty-fourth, or new District Court. The Angus case was placed on the docket of the Fourteenth District, and the Johnson case on the Forty-fourth. The apportionment of the cases was completed prior to the 19th day of July, 1889.

On the 20th day of June, 1889, Johnson applied for and was granted a writ of *habeas corpus* by the Hon. R. E. Burke, judge of the Fourteenth District, returnable before him on the 12th of July. The hearing of the writ was postponed to July 31, 1889. On the 19th of July Angus applied to the Hon. R. E. Burke for a writ of *habeas corpus* which was granted and made returnable before him July 31, 1889, in chambers.

A day or two after this writ was granted, the Hon. R. E. Burke, by the advice of his physician, left Dallas County for the health of Mrs. Burke, his wife. Before leaving he requested Judge Tucker in the event he did not return in time to hear the case, to hear it for him. He did not return in time to hear it.

On July 31, 1889, in chambers, Judge Tucker heard both cases together, remanding Angus to custody without bail and granting bail to Johnson. Judgments to this effect were entered, the record showing that Angus consented that Judge Tucker should hear the case. Appellant excepted to the judgment of Judge Tucker, gave notice of appeal, and we have before us what we shall term the Tucker record.

Believing that Judge Tucker had no jurisdiction to hear and determine the case, Angus, on the 3d day of August, 1889, again applied to Judge Burke for the writ; its issuance was waived by the sheriff, and the case was heard on the 7th of October, 1889, in chambers. Judge Burke, with all the evidence before him, refused to pass upon the question of Judge Tucker's jurisdiction, giving his reasons, but remanded applicant to custody. The applicant appealed, and we have before us the Burke record.

It is not necessary for this court to determine whether Judge Tucker had jurisdiction of the case in order to determine whether the applicant is entitled to bail (Foster v. The State, 5 Texas Ct. App., 625; Ex Parte Rosson, 24 Texas Ct. App., 226); for if Judge Tucker had jurisdiction we can revise his judgment, and if he had none then Judge Burke had,

and his judgment is subject to revision. But at the earnest request of counsel for the applicant we will give our opinion upon the question of Judge Tucker's jurisdiction in the Angus case under the facts as set forth above.

The Constitution of this State confers authority upon district judges to issue the writ of *habeas corpus* in felony cases. The authority to issue the writ has, in this State, been uniformly construed to carry with it the power—jurisdiction—to hear and determine the rights of the parties under the writ; that is, to try the right to bail or right to be discharged.

This being a felony case, a district judge has jurisdiction of the subject matter anywhere in this State, unless limited by law. He can issue the writ to the officers of any county in this State, and he can, in chambers, try the writ in any county in this State unless prohibited by law. Having jurisdiction of the subject matter, had Judge Tucker jurisdiction of the person of appellant? He had; for the simple, plain, and sufficient reason that appellant consented that the case be tried by him. We have therefore a case in which the judge has jurisdiction of the subject matter and of the person. What further was needed for him to try the case?

Article 137 of the Code of Criminal Procedure provides that after indictment found the writ must be made returnable in the county where the offense has been committed on account of which the applicant stands charged. Was this done in this case? It was. But counsel for appellant contends that as Dallas County is divided into two districts this will not do; that the writ must not only be returned in the county of the indictment, but it must be returned to the district court in which the indictment is pending. This proposition will not do, because the court may not be in session, and the applicant would frequently have to wait for the session.

But counsel replies that then the writ must be returnable before the judge of the district in which the indictment is pending. It will be borne in mind that the case was tried in chambers; that the District Court of the Fourteenth Judicial District was not in session. The last proposition of counsel leads to this conclusion, i. e., that no district judge or judge of the Court of Appeals can try the case, except the judge of the District Court in which the indictment is pending. It would follow that all that the Court of Appeals, or a judge thereof, can do after indictment found, is simply to issue the writ; that they have no power—authority—to hear it. This, we think, is not the law, because, as above observed, the right to issue carries with it the right to hear and determine.

But counsel for appellant contend that their position is correct, relying upon article 138 of the Code of Criminal Procedure, which reads: "In all cases where a person is confined on a charge of felony, and indictment has been found against him, he may apply to the judge of the District Court for the district in which he is indicted, or if there be no judge

within the district, then the judge of any district whose residence is nearest to the court house of the county in which the applicant is held in custody." We are of opinion that this is merely directory.

Let us suppose that the judge of the district of the indictment is not absent, but is sick, or is the brother of the accused. Now, if the article is intended to control or limit the jurisdiction over the subject matter, there would be no relief for the accused, unless he could procure the absence of the judge from the district. And, here again, he could get no relief from the Court of Appeals.

But a decision of these questions is not necessary under the facts of this case for two good reasons. (1) Judge Burke was out of the district. But counsel may contend that Judge Tucker could only *issue* the writ in the absence of Judge Burke; that he could not hear it. This, to our minds, is absurd. It may be contended that Burke being absent, Tucker, to obtain jurisdiction, must issue the writ himself and make it returnable before him (Tucker). We answer this by this proposition: Burke being absent, if Tucker could issue and hear the writ, he evidently could hear a writ which had been legally issued by Burke.

In support of this proposition we refer to article 1124 of the Revised Statutes: "Any judge of the District Court may hold court for or with any other district judge, and the judges of the several District Courts may exchange districts whenever they may deem it expedient to do so." If a district judge may hold a court for another judge, has he not the authority to hear a *habeas corpus* case for him at his request, the other judge being absent from the district? We will not discuss this proposition, deeming it too plain for discussion.

We are of opinion that Judge Tucker had jurisdiction of the subject matter of this case; that he had jurisdiction of the person of the applicant; that the writ was returned to the proper county, and that jurisdiction of the subject matter and the person confers jurisdiction over the procedure fully and completely.

We are of opinion that there was no error committed upon the merits of the case, it being evident that appellant committed murder upon express malice.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.