53   307
54   527

53   307
70   204

---

## McWHORTER v. ANDREWS.

Decided May 24, 1890.

1.   *Impertinent pleading—Striking from files.*

Where the court has sustained a demurrer to an answer, a second answer renewing the same defense should be stricken from the files.

2.   *When a defense is not abandoned by pleading over.*

When a demurrer to an answer is sustained, the defendant does not abandon his exception thereto by filing an answer raising other issues.

3.   Res judicata—*Matters not in issue.*

While the estoppel of a judgment covers the whole matter in dispute in the cause in which it is rendered, and every point decided between the parties in the course of the proceedings which led to the judgment, it does not extend to matters not in issue.   Thus, where A. gave B. credit upon his account for the value of certain property and sued him for a balance due, B. is not estopped in a subsequent proceeding to show that the property was not credited at its full value.

4.  *Conversion of property—Mitigation of damages.*

Where, in an action for the wrongful conversion of property, the complaint lays no special damage, an answer, which alleges that the value of the property was, with the plaintiff's consent, applied to the extinguishment of a debt due the defendant, discloses a complete defense.

APPEAL from *Pulaski* Circuit Court.

J. W. MARTIN, Judge.

*Compton & Compton* for appellant.

The court erred in sustaining the demurrer to the original answer, and in striking out the second paragraph of defendant's amended answer.  It was insisted that the former action was in form *ex contractu*, while in this case it is *ex delicto;* and for that reason the former judgment could not be pleaded as *res adjudicata.*  Such is not the law.  Under our system, *forms* of action are abolished (Mansf. Dig., sec. 4914); but if not, the proposition is not tenable under the old system. The particular form of action or proceeding is immaterial, if the same evidence, which would support one, would also support the other.  7 Johns., 19; 8 Johns., 383; 3 Wils., 304; 27 Ala., 678; 16 How. (U. S.), 114; 3 How. (U. S.), 87; 29 Ark., 448; Herm. on Est. and Res Adjud., vol. 1, pp. 95, 96, sec. 111; 17 Oregon, 381; 12 Ill., 596; 94 U. S., 608.

*Sanders & Watkins* for appellee.

The demurrer to the plea in bar was properly sustained. When the action of Andrews was dismissed, the alleged conversion of the thirty bales of cotton was not, and could not, be tried on the counter-claim of McWhorter for $179.00 and the answer of Andrews denying that he owed the debt alleged in the counter-claim.  Andrews sued for unlawful conversion of thirty-eight bales of cotton.  McWhorter acknowledged that he obtained and converted it to his own use, but justified on the ground that it was sold and delivered by the agent of Andrews in payment of the account attached.  This

all went out by the dismissal of the cause of action sued on by Andrews. In addition to the answer and defense set up by McWhorter, he alleged as counter-claim that Andrews owed him a balance of $179.60 on account, and he asked for judgment for this debt. Andrews denied that he owed this debt of $179.60, *and the trial was on this issue alone*. The illegal and wrongful conversion was not at issue upon the effect of non-suit and dismissal as a bar. See Freeman on Judgments, secs. 261, 267; *Sawyer v. Woodbury*, 7 Gray, 499; Wells on Res Adjud., sec. 451 *et seq*.

There was no identity of subject-matter between the two causes of action. The action of Andrews was for conversion of property; the action by McWhorter on the counter-claim was for goods, wares and merchandise alleged to have been sold to the agent of Andrews; the action of McWhorter for the debt may have been with all propriety sustained without finding that the agent, who had the right to contract the debt, had the right to turn over property of Andrews in payment for it; the two matters are entirely distinct, and the authority to perform the one act on the part of the agent would not be authority to perform the other. *Carter v. Burnham*, 31 Ark., 213.

HEMINGWAY, J. The appellee instituted this suit on the 18th day of July, 1887, seeking to recover of the appellant the value of thirty-eight bales of cotton, which it was alleged he had wrongfully converted.

The appellant interposed the following answer: ''That the plaintiff ought not to maintain his action herein, because, on the 9th day of March, 1887, the said plaintiff commenced his action against the defendant in Hempstead circuit court for the sum of $1,520.00 for the conversion of the same cotton; and, on the 21st day of May, 1887, the defendant filed his answer denying the allegations of the plaintiff's complaint, and alleging as a counter-claim that the plaintiff was indebted

to him in the sum of $1,838.50 for goods, wares and merchandise sold and delivered to the plaintiff; and in said account he credited plaintiff with the sum of $1,561.00, the value of forty-two bales of cotton delivered by the plaintiff to the defendant, in part payment of said account, together with other credits, leaving a balance due this defendant of the sum of $179.00; and that, on the 21st day of October, 1887, the plaintiff dismissed his complaint, and filed an answer to the counter-claim of the defendant, denying that the statement of the account in the counter-claim was correct; and on the said 21st day of October, 1887, plaintiff filed his motion for a change of venue, and the venue was changed to Nevada county; and afterwards, on the 16th day of November, 1887, said cause was tried in the Nevada circuit court, and a judgment rendered in favor of defendant for the sum of $179.66 for his debt and damages, which judgment remains in full force and effect, as will more fully appear from a certified copy of the proceedings had in the circuit courts of said counties of Hempstead and Nevada hereto attached marked exhibit 'A' and made a part hereof, which said action was between the same parties to this action, and the said thirty-eight bales of cotton herein sued for are covered by and included in the credits of forty-two bales of cotton credited to the plaintiff by the defendant in the said action so commenced and tried in the circuit courts of Hempstead and Nevada counties; and the defendant says that all question as to the cotton sued for herein and liability for the same were adjudicated and settled between the parties hereto in said action, and by the judgment therein rendered, and is not open for adjudication in this action.''

The plaintiff demurred to the answer, and his demurrer was sustained. The defendant filed an amended answer in three paragraphs. The plaintiff moved the court to strike out the second paragraph, because it sought to renew a defense held insufficient by the former order of the court. The

motion was sustained, and the paragraph stricken out. There
was a trial of the issues presented on the remaining paragraphs
of the answer, verdict and judgment for the plaintiff, and the
defendant appealed.

The questions presented for our consideration are as
follows:   1st.   Did the court err in striking out the second
paragraph in the defendant's answer?   2d.   Did the defend-
ant, by answering after demurrer sustained to his original
answer, abandon his exception to the court's action in that
regard?   3d.   Did the original answer set up facts sufficient
to constitute a defense?

To the first question, assuming that the pleading stricken
out was in its legal effect the same as the original answer, we
respond in the negative. *Goodwin et al. v. Robinson*, 30
Ark., 535. We so treat it, for it is not properly before us, and
we take the order the court made as correctly interpreting its
effect. It should have been brought here by bill of exceptions.
*Walker v. Wills*, 5 Ark., 166.

The second question must also receive a negative re-
sponse. *Goodwin et al. v. Robinson, supra; McIlroy v.
Buckner*, 35 Ark., 555.

In proceeding to answer the third question, we will first
state what we understand to be the legal effect of the origi-
nal answer, as follows: That theretofore, in a court of compe-
tent jurisdiction, McWhorter had sued Andrews on an open
account for $179.70, itemized and showing charges for
$1,838.50, for goods sold, and bearing credits aggregating
$1,658.80, leaving a balance due as above, for which he
claimed judgment. That Andrews answered and denied that
he owed the sum so claimed, but afterwards such proceedings
were had that judgment went against him for said amount,
and is in full force. That there was credited on said account
the sum of $1,561.00, proceeds of forty-two bales of cotton
received from Andrews, which was the full value thereof, and
that the cotton now sued for was a part thereof. That it had

*Margin notes:*
1. Impertinent pleading—Striking from files.
2. When defense not abandoned by pleading over.

been legally adjudged in that controversy between these parties that Andrews owed McWhorter the sum of $179.70, after allowing him certain credits, embracing one for the full value of the cotton now sued for.

3. *Res judi-
c a t a* — Matters
not in issue. Thus interpreted, did the answer allege facts that constitute a defense?   The answer to this must depend upon the legal extent of a judgment estoppel.   It is said to cover the whole matter in dispute in the cause in which it is rendered, and every point decided between the parties in the course of the proceedings which led to the judgment.   "The judgment itself operates as a bar, and the decision of the particular issue as an estoppel, but their conclusive effect is the same." Herman on Estoppel, sec. 111 and cases cited; *Hanna v. Read*, 102 Ill., 596; *Hall v. Zeller Bros.*, 17 Oregon, 381.

Applying that rule to the answer in this case, Andrews is estopped to deny that, after receiving the credits before mentioned including the value of the cotton in controversy, he owed McWhorter a balance of $179.70.   The value of the cotton was not in controversy in that suit, and neither party was called to offer any evidence upon it.   Andrews is therefore not estopped to show either that the credit was for different cotton, or, if for the same, that its full value was not credited.   In the latter event, instead of the former judgment being a competent bar, Andrews will be entitled to recover the amount of his damage, less the sum credited.   Freeman on Judgments, sec. 280; *Minor v. Walter*, 17 Mass., 237; *McEwen v. Bigelow*, 40 Mich., 215; *Biggs v. Richmond*, 10 Pick., 392.

Although it be true that McWhorter wrongfully appropriated the cotton, such part of its value, as was credited to the account sued on, went in liquidation of a debt of Andrews; and, in his answer in the suit against him, he made no objection to that application of it.   If he had done so, and it turned out that the credit was unauthorized, McWhorter could have protected himself and obtained judgment for the

amount thereby remitted. It is now too late for him to meet that contingency, for he had taken the judgment thus reduced. If Andrews objected to the credit, he should have done so in his answer, and, failing therein, he should be held to have assented to it; to hold otherwise would be to effect a manifest wrong. Then, if the value of the cotton converted was applied in liquidation of Andrews' debt with his assent, this application extinguished his right to recover damages for its value. 2 Greenleaf on Evidence, sec. 635 *a* and notes; Sedg. Dam., pp. 613, 615, 689 and 690; *Wheelock v. Wheelright*, 5 Mass., 104; *Kaley v. Shed*, 10 Met., 317; *Squire v. Hollenbeck*, 9 Pick., 552; *Doolittle v. McCullough*, 7 Ohio St., 299; *Howard v. Cooper*, 45 N. H., 339; *Curtis v. Ward*, 20 Conn., 204; *Bates v. Courtwright*, 36 Ill., 518.

No special damage was alleged in the complaint in this cause, and, therefore, the answer disclosed a complete defense. *Moon v. Raphael*, 2 Bing. (N. C.), 310. This is not the case in which one willfully converts another's property and applies it to the satisfaction of his debts, without his assent, and pleads this in justification or mitigation of the wrong.

4. Conversion of property— Mitigation of damages.

We have not considered other matters occurring during the trial and argued here.

For the error indicated, the judgment will be reversed and the cause remanded.