## SCHULZ v. BOYD.

No. 10878.

Court of Civil Appeals of Texas. Dallas.
Oct. 20, 1930.

Dissenting Opinion Oct. 31, 1930.

O. F. Wencker, of Dallas, for the motion.

LOONEY, J.

Defendant in error moves to strike the statement of facts from the record for the following reasons: (1) Because it was filed after the expiration of time allowed by law, without showing the exercise of due diligence to file in time. We have examined the showing made by plaintiff in error, and are satisfied that due diligence was exercised under the circumstances; therefore overrule this contention.

2. The second ground urged is that the statement was not agreed to by the parties. At the time attorney for defendant in error signed the statement, he wrote above his signature, to this effect, that he agreed to it as a statement of the evidence adduced on the hearing of the motion for a new trial, but did not agree that it was a statement of the evidence introduced on the trial of the case on its merits. The statement does not purport to contain the evidence upon the trial of the cause, but states specifically that it con-

tains only the evidence adduced on the hearing of the motion for a new trial. This being true, the statement can be considered only in connection with the court's action on the motion for a new trial, and, as the parties agreed that it was a correct statement of the facts on said hearing, we overrule this ground of the motion.

■■■ 3. The third ground of the motion to strike is based on the contention that the statement was not approved and signed by the judge who presided at the trial. Judge Rawlins, the regular judge of the county court of Dallas county at law No. 2, who presided at the trial of the cause, was absent on a vacation and Judge Paine L. Bush, judge of the county court of Dallas county at law No. 1, was holding county court at law No. 2, under authority of article 1970—27, Vernon's Anno. Civ. Stats., vol. 4, p. 460, which provides that: "The judge of the County Court of Dallas County at Law No. 1, and the judge of the County Court of Dallas County at Law No. 2, may hold court for or with one another." While thus holding court for Judge Rawlins, the statement of facts was presented to Judge Bush for approval, which he did by signing as follows, "Paine L. Bush, Judge Co. Ct. Dallas Co. at Law No. 1, sitting for Hon. John A. Rawlins, Judge Co. Ct. Dallas Co. at Law No. 2." Judge Bush's authority to hold court for Judge Rawlins was not restricted to the performance of particular acts, but comprehended all acts pertaining to the business of said court, which included, not only the trial of causes, but the transaction of all incidental judicial business, just as the regular judge could have transacted had he been presiding. To hold otherwise would, in effect, write into the statute limitations the Legislature did not see fit to write. The phrase, "the judge," authorized by article 2243, R. S. 1925, to approve and sign statements of facts, means, not only the regular judge who presides at the trial of a cause, but also any judge who may be legally authorized to hold said court. The approval of a statement of facts by the judge is one of the most important items of business incident to the trial of a cause that the judge is called upon to perform, for, if the litigant should be deprived of the statement, his appeal may prove of no value.

It may be correctly said that the judge who presides and hears the evidence is better prepared to readily judge of the correctness of the statement of facts when presented for approval than a judge called to the bench later; nevertheless, any other judge clothed with authority and confronted with this duty may readily find ways and means of discharging the same in a satisfactory and practical manner. Just such a contingency is contemplated and provided for in article 2288, R. S. 1925, where, on the death of the regular judge, it is made the duty of his successor to approve statements of facts and bills of exceptions in cases tried by the deceased. We hold that Judge Bush was authorized to approve and sign the statement of facts. Our construction of this statute, we believe, is in harmony with the rule announced in the following cases, viz.: Ex parte Angus, 28 Tex. App. 293, 12 S. W. 1099, 1100; In re Southern Wisconsin Power Co., 140 Wis. 245, 122 N. W. 801, 808; Morriss v. Virginia Ins. Co., 85 Va. 588, 8 S. E. 383, 387.

The motion to strike the statement of facts from the record is overruled.

Overruled.

VAUGHAN, J. (dissenting).

The disposition made of the motion filed in this cause to strike the statement of facts from the record I agree with, but I am not in accord with that portion of the opinion delivered by Mr. Justice LOONEY beginning with the words "Judge Bush's authority to hold court for Judge Rawlins" and ending with the sentence "just such a contingency is contemplated and provided for in article 2288, R. S. 1925, where, on the death of the regular judge it is made the duty of his successor to approve statements of facts and bills of exceptions in cases tried by the deceased," and therefore dissent as to that portion of said opinion, same being in conflict with the holding in the following cases, viz.: Shaeffer v. Smyth et al. (Tex. Civ. App.) 22 S.W.(2d) 1088; Pratlay v. Sherwin-Williams Co. (Tex. Civ. App.) 21 S.W.(2d) 321.

Said discussion and conclusion drawn therefrom in reference to which this dissent is addressed were not necessary to the disposition made of said motion, in that the statement of facts involved had been agreed to in the manner and form required by article 2243, R. S. 1925, and, in reference to the approval of statements of facts so agreed to, it is a matter of such common knowledge that rarely, if ever, a trial judge has failed to approve a statement of facts so tendered, the agreement thereto by the parties being generally accepted as sufficient evidence that the statement so presented contains a full, fair, and accurate statement of the facts proven on the trial; that appellate courts will take judicial knowledge of the course of procedure on the part of trial judges in approving statements of facts presented under agreement of counsel thereto. Furthermore, Judge Bush, under the provisions of the Acts of the 38th Legislature (1923), ch. 24, § 3, was properly holding court for Judge Rawlins at the time said statement of facts was approved, and, as the approval thereof by Judge Rawlins, under the state of the record, would have been but a perfunctory service, there can be no reason why any greater degree of importance or solemnity should attach to or attend the approval of said court record by Judge Bush than would have attended or attached if same had been approved by Judge Rawlins.