DAUGHERTY v. MERRIFIELD.

4-3767

Opinion delivered March 11, 1935.

W. G. Dinning, for appellant.
Berens & Mundt, for appellees.

JOHNSON, C. J. Appellant, Evelyn W. Daugherty, and appellee Godfrey W. Merrifield were formerly husband and wife and appellee, J. B. Lambert, is now, and has been for the past several years, the business partner of Merrifield.

This suit was instituted by appellant in the Phillips Circuit Court against appellees, alleging a balance due as evidenced by a promissory note of date October 1, 1927, due and payable six years after date, drawing interest from date until paid at the rate of 7 per cent. per annum, of $2,000, together with $211 accrued interest thereon.

Appellees answered the complaint thus filed by admitting the execution of the note sued upon and affirmatively pleading the release and satisfaction thereof by an agreement of date June 12, 1929. A cross-complaint was also filed by appellees against appellant, alleging that under a mistake of fact they had wrongfully paid appel-

lant upon said note the sum of $525.90, for which they prayed judgment.

The agreement plead by appellees as a release and satisfaction of said note is as follows:

"This agreement, made and entered into this the 12th day of June, 1929, by and between Godfrey W. Merrifield, party of the first part, and Evelyn W. Daugherty, party of the second part, witnesseth:

"That, in consideration of the covenants and agreements hereinafter set forth to be kept by said party of the second part, party of the first part hereby agrees to cause to be conveyed to said party of the second part by good and sufficient warrant deed the following described premises, to-wit:

"Lot five (5), block six (6), in the city of West Helena, Phillips County, Arkansas, together with all buildings and improvements thereon and all fixtures thereunto belonging; situated in the county of Phillips and the State of Arkansas. Also lot four (4), block six (6), in the city of West Helena, Phillips County, Arkansas, free and clear of all claims and incumbrances, except certain obligations to the Helena Investment & Home Building Association in the sum of four thousand dollars, the balance due on which the second party agrees to assume. This conveyance is to be made and said premises delivered to the party of the second part on or before June 15, 1929. The party of the first part further agrees to transfer to the party of the second part stock in the said building and loan association in the sum of four thousand dollars pledged as security for the indebtedness now on the premises hereinbefore described.

"Party of the first part further agrees to pay or cause to be paid one certain note for four thousand dollars and accrued interest, held by the State Bank Commissioner for the People's Savings Bank & Trust Company of Helena, and to pay or cause to be paid one certain note of $4,000 and accrued interest held by the Interstate National Bank of Helena, and to surrender to the said party of the second part a certain note for five thousand dollars ($5,000) and deed of trust securing same now held by the Interstate National Bank of Helena as collateral

security to secure the payment of said $4,000, note and interest, it being expressly agreed and understood that said party of the first part is to relieve said party of the second part from any and all liability to the said State Bank Commissioner and Interstate National Bank of Helena, and to surrender the said $5,000 note held by the Interstate National Bank and deed of trust securing same unto said party of the second part.

"Party of the first part further agrees to assign and deliver unto the said party of the second part $5,000 in notes and accrued interest thereon, secured by first mortgage on thirty acres of land located in section 36, township 1 south, range 3 east, in Phillips County, Arkansas, known as the 'Chicken Farm'; said notes, however, to be indorsed without recourse on the payees. The party of the first part also agrees to transfer to the party of the second part a certain deed of trust on implements and equipment located on said chicken farm, in so far as same covers said $5,000 notes hereinabove referred to.

"Party of the first part further agrees to perform all the covenants and agreements by him herein agreed to be kept and performed within thirty days from this date.

"And, in consideration of the premises, said party of the second part hereby agrees that, upon the faithful performance by said party of the first part of the covenants and agreements by him herein agreed to be kept and performed, that she will deliver to said party of the first part one certain note for $6,000 secured by a lien retained on the premises herein described, and that she will cancel and surrender to said party of the first part when delivered to her the two notes held by the State Bank Commissioner as collateral security for the payment of said $4,000 so held by the said State Bank Commissioner, these collateral notes being one for $5,184 and one for $4,000.

"It is further understood and agreed between the parties that, upon due performance of the covenants herein contained by said parties hereto, that a certain suit now pending in the Phillips County Chancery Court, styled Evelyn W. Daugherty v. Godfrey W. Merrifield,

and a certain suit styled Evelyn W. Daugherty v. Godfrey W. Merrifield, J. B. Lambert and V. J. Haydell, will be dismissed with prejudice, and that any and all claims of every kind and character and description which the said Evelyn W. Daugherty has or may have against Godfrey W. Merrifield, J. B. Lambert and Merrifield and Lambert and B. J. Haydell will by these presents be fully released and cancelled, it being the purpose of this agreement that the due performance of these agreements will constitute full settlement of all rights and claims between the parties hereto and between Evelyn W. Daugherty and Merrifield and Lambert, J. B. Lambert and V. J. Haydell.

"Witness the hands of the parties hereto the day and year first above written.

"(Signed) G. W. Merrifield,

"Party of the first part.

"(Signed) Evelyn W. Daugherty,

"Party of the second part."

Appellant filed an answer to appellees' cross-complaint in which she admitted the payments on the note by appellees, but denied that they were made or paid under misapprehension of the facts, and she denied that the contract of June 12, 1929, had reference or relation to the debt as evidenced by the note in suit; she denied that Lambert was either a party or privy to the contract of June 12, 1929.

By way of amendment to their answer, appellees pleaded as *res judicata* certain litigations theretofore determined between appellant and appellee, Merrifield, in the chancery court of Phillips County.

The testimony on behalf of appellant tended to show that the debt evidenced by the note sued upon was not released or satisfied by the agreement of June 12, 1929; that certain payments had been made thereon subsequent to the execution of said contract, and a letter was introduced which was admittedly written by appellees in reference to this debt as follows:

"September 29, 1933.

"Mr. F. J. Daugherty, Oakland Avenue, Helena, Arkansas.

"Dear Sir:

"We have your letter reminding us that on October 1, there will be due a note of ours, together with one year's interest, and that you expect the prompt payment of this indebtedness. We would like very much to be able to pay this amount due you at this time, but, like most other people, we find this impossible. We cannot refinance the mortgage, and we do not have the available money to pay it.

"By straining a point we can pay the interest due of $140 with the promise that we will make monthly payments on the principal in as large amounts as we can, so as to make some reduction in that amount during the coming year. Under this arrangement we would expect the note to be carried past due for a year, in which time we hope to be able to either refinance it or pay it off.

"If this arrangement is satisfactory, please advise us and we will forward the interest check promptly on the due date of the note.

"Yours very truly,<br>"Merrifield & Lambert,<br>"By J. B. Lambert."

The testimony on behalf of appellees tended to show that the payments made by appellees upon the note in suit and the letter written by them, heretofore quoted, were effected under a misapprehension of facts in this: That appellees had misplaced the contract of June 12, 1929, and were unable to locate it at the time said payments were made and at the time said letter was written, and that they were apprehensive of results were they to antagonize appellant by denying liability on the note. Other testimony was adduced by the respective parties, but it is deemed unnecessary to summarize it here. At the conclusion of the testimony, appellant requested the court to direct the jury to return a verdict in her behalf for the amount sued for. This request was refused by the trial court, and this is the paramount issue presented on this appeal. The trial court submitted the issue of release and satisfaction and the issue of wrongful payments by appellees upon the note to appellant as set

forth in the cross-complaint, and the jury decided these issues in favor of appellees, and appellant appeals.

When appellees admitted the execution of the note in suit, the burden then shifted to and devolved upon them to show discharge or satisfaction of the note. *Continental Gin Co.* v. *Benton,* 104 Ark. 367, 149 S. W. 528; *Hays* v. *Dickey,* 67 Ark. 169, 53 S. W. 887; *Blass* v. *Lawhorn,* 64 Ark. 466, 42 S. W. 1068.

To discharge this burden of proof of release and satisfaction, the contract of June 12, 1929, was introduced in testimony, together with appellees' admitted letter of September 29, 1933, in reference to this debt. These instruments constituted the written contract between appellant and appellees in reference to the release and satisfaction of said debt or note. Under the law, it was the imperative duty of the trial court to construe these instruments and declare their effect instead of submitting their construction and effect to the jury for their interpretation and construction, there being no ambiguity in said instruments. *Pine Bluff, Sheridan & So. Ry. Co.* v. *Leatherwood,* 117 Ark. 524, 175 S. W. 1184; and Elliott on Contracts, page 775.

We think the fair, reasonable and only construction to be placed upon the contract of June 12, 1929, and appellees' admitted letter of September 29, 1933, is that the debt evidenced by the note in this suit was neither released nor satisfied by the contract of June 12, 1929, and that the letter of September 29, 1933, is an unequivocal acknowledgment by appellees that this debt was not released or satisfied by said contract, and that the trial court should have so construed said instruments, instead of submitting their construction and interpretation to the jury. *Citizens' Bank & Trust Co.* v. *Hinckle,* 126 Ark. 266, 189 S. W. 679; and *Arkansas Fertilizer Co.* v. *Banks,* 95 Ark. 86, 128 S. W. 566.

True, appellees testified that they had misplaced their copy of the contract of June 12, 1929, at the time they wrote this letter to appellant, but they do not say, and nowhere contend, that they did not know of its execution and contents at the time. Admittedly, when appellees found their copy of this contract, it apprised them

of nothing they did not know when they made the payments on the note and wrote the letter in reference thereto.

Appellees also contend that this case should be affirmed because of their plea of *res judicata.* This plea is predicated upon a suit between appellant and her former husband, Merrifield, wherein appellant, by equitable proceedings, sought discovery and accounting against her former husband of and for $56,300, which had passed through Merrifield's hand as husband and agent of appellant. The note here sued upon does not appear to have been an issue in said suit or had any part in the proceedings. Moreover, just why appellant should litigate in reference to a note which was executed and delivered to her more than two years prior to the litigation does not appear from this record. Certainly no suit or proceedings for discovery and accounting could aid or assist appellant in discovering this note because it was then, and had been at all times since its execution, in her possession and control. Again, this note was not due and did not mature until October, 1933, or more than four years subsequent to the suit pleaded as *res judicata,* and there could have been no reason for litigating said note in that proceeding.

We conclude that the suit pleaded as *res judicata* had no reference to or connection with the note here sued upon. This note was not within the issues in the suit for discovery and accounting, and is therefore no adjudication of appellees' liability thereon. *Hannah* v. *Carrington,* 18 Ark. 85; *Shall* v. *Biscoe,* 18 Ark. 142; *McCombs* v. *Walls,* 66 Ark. 336, 50 S. W. 876; *Fagel* v. *Butler,* 96 Ark. 87, 131 S. W. 211; *Fourche River Lbr. Co.* v. *Walker,* 96 Ark. 540, 132 S. W. 451; *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S. W. 973; *Sauls* v. *Sherrick,* 121 Ark. 594, 182 S. W. 269; and *McWharter* v. *Andrews,* 53 Ark. 307, 12 S. W. 1099.

There is no controverted question of fact in reference to release and satisfaction of the note in this suit, and the trial court erred in submitting this issue to the jury, and likewise erred in refusing to direct a verdict in favor of appellant for the amount sued for.

The cause is reversed and remanded with directions to proceed in conformity to this opinion.

SMITH, MEHAFFY and BUTLER, JJ., dissent.