RHODES *v.* CURTIS.

4-8784                                    217 S. W. 2d 927

Opinion delivered March 7, 1949.

*Ben M. McCray,* for appellant.

*Kenneth C. Coffelt,* for appellee.

ED. F. McFADDIN, Justice. The only question on this appeal is whether the trial court should have directed a verdict for the defendants, who are the appellants in this court. We answer that question in the affirmative; and give the facts, and our reasoning to such conclusion:

## FACTS

Rhodes, as the owner, leased certain property to Curtis for a period of two years at a rental of $70 per month. The contract was in writing, and recited:

"It is agreed and understood that this lease shall be in effect from and after July 26, 1946, for a period of two (2) years, or so long as the lessees shall comply with the terms of this agreement.

"It is agreed and understood that the monthly rental for the premises shall be seventy and no/100 dollars ($70.00) per month and the lessee hereby agrees to keep the rentals paid at all time three (3) months in advance and agrees to pay with the delivery of this contract to them the sum of $210.00 as and for rental for the first three months of this lease, and agrees to pay the sum of $70.00 on the 26th day of August, 1946, and a similar payment of $70.00 on the 26th day of each succeeding month thereafter during the term of this contract, except for the last two months of said term.

"In case of default in payment in any one, or more, of the monthly rental payments as herein set out for as long as thirty (30) days the lessor shall have the right to cancel this lease and retake the premises, and in case of such cancellation, or rescission of this contract, any unused rent, according to the terms of this contract, shall be taken and retained by the lessors, . . . "

Curtis paid Rhodes the $210 advance rent mentioned, entered into possession of the premises, and paid $70 each month regularly to and including February 26, 1948. He made no payment thereafter. Curtis wanted the rent reduced, but Rhodes insisted on the contract rental, so Curtis vacated the premises on April 1, 1948, even though the lease did not expire until July 26, 1948. On May 11, 1948, Curtis brought this action against Rhodes for $210 on the theory that Curtis was not obligated to keep the property for the full two-year period, but only to pay rent at $70 per month for the time that he actually occupied the premises. He claimed that he was therefore entitled to a return of the advance rent unearned at the time of vacating the premises. Rhodes insisted that the contract was for two years, and that Curtis was entitled to no refund.

## OPINION

The lease contract was certain: it was for a term of two years; and the lessee agreed "to pay the sum of $70 on the 26th of August, 1946, and a similar payment of $70 on the 26th of each succeeding month thereafter during the term of this contract, except the last two months

of said term.'' There was no fact question to submit to the jury, because the contract was clear and unambiguous; and it was the duty of the court to declare its terms. *Pine Bluff S. & S. Ry.* v. *Leatherwood,* 117 Ark. 524, 175 S. W. 1184. In 53 Am. Juris. 223 this appears: ''Generally speaking, the question of what a contract means— its interpretation or construction and legal effect—is to be determined by the court, not the jury.'' See, also, 51 C. J. S. 870. Curtis defaulted in the contract by failing to make the monthly payments after February 26, 1948. Being in default, he was not entitled to recover the rent which he had paid, and which Rhodes had a right to retain to apply against the remaining months of the two-year period. The trial court should have instructed a verdict for Rhodes.

It follows that the judgment of the lower court is reversed, and Curtis' action is dismissed.