WALLACE v. HAMILTON.

5-3279                                    382 S. W. 2d 363

Opinion delivered September 28, 1964.

*Parker Parker,* for appellant.

*Williams & Gardner,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal is the consummation of litigation that has been pending in the Pope Chancery Court since June 5, 1957. Finally, on January 24, 1964, there was a decree for the plaintiffs, and this appeal by defendants challenges the correctness of such decree.

On June 5, 1957, Joe Hamilton (appellee) filed this suit against James H. Wallace and Virginia Darr Wallace (appellants), seeking judgment against the defendants on their note to him dated August 19, 1954, for the face amount of $7,938.85 and interest thereon, and for the foreclosure of a mortgage on certain real estate. In due time the defendants filed a demurrer, which was overruled; and then on November 29, 1957, defendants filed their answer, which was a general denial. The next entry in the record before us is the filing of an amendment to the defendants' answer on August 1, 1963, in

which they pleaded limitations, usury, and payment of the note sued on. The case was tried in the Chancery Court and resulted in the decree heretofore mentioned. On appeal appellants claim these points:

"1. The Court erred in refusing Appellants' petition to set aside his Findings and Ruling of the Court.

"2. Where an original note was usurious, all renewal notes of the original note are usurious.

"3. The Trial Court erred in permitting the introduction of $3,000.00 note, Exhibit 2, Transcript 67; mortgage, Exhibit 4, Transcript 72; and note, $7,938.85, Exhibit 5, Transcript 74, over objection of Appellant.

"4. The Finding of Facts by the Trial Court are contrary to the preponderance of the evidence.

"5. The pleadings cannot be treated as amended after trial to conform to proof which amendment amounts to stating a new cause of action."

We consolidate and discuss these five points under our own topic headings.

I. *Appellants' Efforts For A Continuance.* Even though the cause had been pending for many years,[1] the appellants sought further delay; and now ask that the findings of the Court be set aside for failure to grant such delay. They claim they were hurried into a trial without due notice, and were never allowed to have some of their witnesses present in person. We find no merit in this assignment.

In the course of the trial, the defendants' attorney asked the Court to delay the trial, and the Court remarked: "The Court directs the defendants to proceed and put on whatever evidence they do have here, and then I will consider your motion." After all proffered

[1] Hon. Bob Bailey, who filed this cause for the plaintiff, died on December 26, 1957. There was subsequent counsel for plaintiff, and then finally the present counsel became the attorneys for the plaintiff. The defendant changed from his original counsel to the present counsel. Furthermore, the regular Chancellor of the Pope Chancery Court was disqualified in the cause, and that fact necessitated an exchange of circuits.

witnesses had testified, the Court said: ''I am going to take this case under submission for a decision to be handed down any time after twenty days from this date, but at any time prior to the end of that twenty days, the defendants in the case will be permitted to take the depositions of those parties mentioned—Mrs. Wallace or any one or all of those three witnesses named—and file them in this case and it will be considered by the Court as a part of the record . . .'' There was no objection by the defendants' counsel to this ruling of the Court. As a matter of fact, the defendants subsequently filed the depositions of four witnesses and never thereafter complained of any lack of opportunity to take other depositions; nor did defendants comply with the statute in any way as to what any absent witness would testify. In short, there was no compliance with Ark. Stat. Ann. § 27-1403 (Repl. 1962). We have repeatedly held that the granting or refusing of a continuance is in the sound discretion of the Trial Court. *Supreme Lodge* v. *Robbins,* 70 Ark. 364, 67 S. W. 758; *B. & O.* v. *McGill,* 185 Ark. 108, 46 S. W. 2d 651. We find no abuse of such discretion by the Trial Court in the case at bar.

II. *The Amount Awarded The Plaintiff.* The Trial Court awarded the plaintiff judgment for the note sued on ($7,938.85), together with interest thereon at the contract rate from the date of the note until the date of the decree; and in Points 2 to 4 inclusive, appellants complain of such result. The original note sued on was introduced in evidence. Both Mr. Wallace and his wife admitted signing the note. With the record in such condition, the plaintiff had discharged his burden of proof, and the burden shifted to the defendants to sustain their claimed defenses. *Daugherty* v. *Merrifield,* 190 Ark. 537, 80 S. W. 2d 72; and *Lynch* v. *Garnes,* 227 Ark. 767, 301 S. W. 2d 739. There were three of these defenses. The first was limitation. Of course, there can be no merit to the plea of limitation because the note was dated August 19, 1954, and this suit was filed June 5, 1957; and the statute of limitation on a promissory note was and is five years. Ark. Stat. Ann. § 37-209 (Repl. 1962).

The second defense was usury; and the defendants, having pleaded that defense, had the burden of proving it. *Cox* v. *Darragh Co.*, 227 Ark. 399, 299 S. W. 2d 193. The Trial Court found that they failed to sustain such burden; and we agree with the Trial Court. The evidence to support this usury claim was, that in 1949 Wallace had borrowed $5,000.00 from Hamilton to pay some labor bills on construction work at Mountain Home, Arkansas, and had executed a note for $7,000.00, which was usurious; and that the note sued on herein was a renewal of the said usurious note. Hamilton testified that he loaned Wallace some money to pay labor bills on work at Mountain Home, but there was no usury in that transaction. Furthermore, Hamilton strongly maintained that the consideration for the present note was for money loaned by Hamilton to Wallace to pay labor bills in some work at *Stuttgart*. After studying the record, we conclude that the Chancellor made no error in refusing the plea of usury.

As regards the plea of payment, the record is quite voluminous. It appears that Wallace was in the building business and frequently borrowed money from Hamilton. On April 27, 1951, Wallace and wife executed two notes to Hamilton, each for $3,000.00, due in one year, and bearing interest from date until paid at the rate of 10% per annum; and these notes were secured by one or more mortgages. On August 19, 1954, Wallace and wife executed to Hamilton the note here sued on for $7,948.85. Hamilton claims that this note was a renewal of the two notes executed in 1951. The Wallaces claim: (a) that one of these notes was a duplicate of the other and should have been destroyed; and (b) that on August 20, 1954— the day after the execution of the note—there was paid to Hamilton the sum of $3,680.00, which paid in full all amounts due him. It is strikingly strange that on August 19, 1954, a note was executed by the defendants to Hamilton for $7,938.85 if the Wallaces only owed him $3,- 680.00, which was paid the day following the execution of the said note; yet that is the testimony of the defendants. As we have previously observed, when Ham-

ilton introduced in evidence the note of August 19, 1954, and the defendants admitted signing the note, the burden of proving payment shifted to the defendants. The Chancellor found that they had not paid the note; and we cannot say that such finding was in error.

III. *The Description Of The Mortgaged Property.* The mortgage to the appellee covered a tract 173 feet by 160 feet; but Mr. and Mrs. Lowrey intervened and claimed that Hamilton had released from the mortgage a tract 173 feet by 71 feet when the Lowreys purchased it. The Court thereupon amended the decree to allow foreclosure only on the tract of 173 feet by 89 feet, not claimed to have been released from the mortgage. Appellants argue in their fifth point that the decree should not have been so amended. We find no error prejudicial to the appellants in the amending of the decree. Furthermore, this point may now be moot as a practical matter because (a) the appellants filed a supersedeas bond which superseded the judgment for the debt, and (b) we have affirmed the judgment for the debt.

Finding no error, the decree is affirmed.

