### CONTINENTAL GIN COMPANY *v.* BENTON.

#### Opinion delivered July 15, 1912.

BILLS AND NOTES—PAYMENT—BURDEN OF PROOF.—Ordinarily, it devolves upon the party pleading payment as a defense to prove it; but where the maker of a note is in possession of it, marked "Paid,"the burden of overcoming the presumption of payment and making the explanation as to such possession devolves upon the party surrendering the note.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The Continental Gin Company sued B. B. Benton in a justice's court on a negotiable promissory note for the sum

of $225, with interest, alleging that it was long past due, that no part of same had been paid, and that it was in the possession of the defendant, having been turned over to him, marked "Paid," by mistake. No answer was filed, and judgment by default was rendered, from which an appeal was taken to the circuit court. Upon the trial there, the officers and agents of appellant company testified that the note sued on, and one other, were given it by appellee in payment for some gin machinery; that the smaller note was, in fact, paid, and the note sued on, by mistake, cancelled and sent to the maker. The salesman of the company testified likewise that he had collected the smaller note and turned over exchange therefor and returned the note in controversy, that defendant could not pay at that time, to the cashier of appellant company, at the same time reporting in writing the collection of the smaller note, and that Benton wanted an extension of time on the returned note until January 1, at which time he promised to pay. His written report of November 18, 1910, showing such fact, was in evidence.

The cashier testified that, by mistake, thinking the note in controversy was paid, he cancelled it and sent it to the maker, but shortly afterwards discovered the mistake and had repeatedly written to the maker, Benton, beginning early in December, demanding the return of the note and its payment, and that no reply had ever been received to any of these letters and demands.

The note was introduced in evidence by Benton, stamped "Paid" and he testified that it was paid. That he sent a check in payment, but he could not remember what bank the check was on, and he didn't have the returned paid check; thought he remembered having seen it after it was paid and returned from the bank, and said that after he quit business his checks were lost or destroyed, and he couldn't find it; had in fact made no search for it, nor made any inquiry at any of the banks to discover whether their records would throw any light upon the transaction in his favor.

The court instructed the jury, giving No. 1, on its own motion and No. 1 at appellee's request, over appellant's objection, and refusing to give its requested instruction No. 4, as follows:

Court's instruction No. 1: "This is a question as to whether or not this note has been paid. You are to take all the facts and circumstances in evidence and consider the testimony in the light of reason and good judgment, and then decide whether or not the note has been paid."

Appellee's instruction No. 1: "The jury are instructed that when it is shown by the defendant that the note has been marked "Paid" by the plaintiff, and the plaintiff seeks to avoid the issuance of his receipt of payment on the ground of mistake, the burden of proof is upon the plaintiff, and he must overcome this presumption of payment by a preponderance of testimony."

Appellant's instruction No. 4, refused: "It is alleged by the defendant, and admitted by the plaintiff, that the plaintiff receipted the note in full and returned it to the defendant, but the plaintiff claims that this was done through a mistake, the note being in fact unpaid. Upon this point the court instructs you that the receipt of payment of the note is only *prima facie* proof of payment, and that it is open to explanation or contradiction by the plaintiff, or by the facts and circumstances in evidence. That is, the plaintiff may show that the note was receipted through mistake, and will be entitled to recover from the defendant unless his claim of payment is sustained by a preponderance of all the evidence in the case."

The jury returned a verdict for the defendant, and from it the gin company appealed.

*E. H. Mathes*, for appellant.

The burden of proof is upon the party who pleads payment. 67 Ark. 172; 64 Ark. 164.

Receipts are only *prima facie* evidence of payment, open to explanation or contradiction by the plaintiff or by facts and circumstances in evidence. Instruction 4 should have been given as requested. 46 Ark. 217; 5 Ark. 558; 56 Ark. 37; 39 Ark. 580-583.

No brief filed for appellee.

KIRBY, J., (after stating the facts). It is contended that the court erred in the refusal to give said instruction numbered 4, and that there is no testimony to sustain the verdict.

There is no doubt but that, under ordinary conditions, it devolves upon the party pleading payment as a defense to prove it. *Hayes* v. *Dickey,* 67 Ark. 169; *Blass* v. *Lawhorn,* 64 Ark. 466.

It is also true that possession of a promissory note by the maker is presumptive evidence of its payment, and that, although receipts of payment are *prima facie* evidence thereof, they are open to explanation and contradiction, but the burden of overcoming the presumption and *prima facie* case and making the explanation devolves upon the party giving the receipt, and surrendering the note. *Springfield & M. Rd. Co.* v. *Allen,* 46 Ark. 217; *Real Estate Bank* v. *Rawdon,* 5 Ark. 559; *Greer* v. *Laws,* 56 Ark. 37; *Woodward* v. *Campbell,* 39 Ark. 580, 583; *Hollenberg* v. *Lane,* 47 Ark. 394; *Fidelity Mutual Life Ins. Co.* v. *Click,* 93 Ark. 162.

The court correctly instructed the jury that the question for them to decide was whether or not the note had been paid, and that when it was shown that it had been marked "Paid" by appellant and delivered to appellee, appellant, to avoid the result of this receipt of payment on the ground of mistake, had the burden of proof to overcome the presumption of payment by a preponderance of the testimony.

The sole question, as the court said, to be determined by the jury was whether or not the note had been paid, and appellant, having alleged its cancellation and delivery to the maker by mistake, and that it had not in fact been paid, could not have recovered in the case but for the introduction of testimony, and the burden of proof was therefore upon it to establish its claim, and its testimony all tended to show that such was the fact, but appellee testified that he had paid the note by a check, and the jury found in his favor; and while the testimony is not satisfactory, we can not say that there is none sufficient to sustain the verdict.

Appellant having, by its pleadings, assumed the burden of proof to show that there was no payment of the note but a mistake in the delivery thereof to the maker marked "Paid," the issue was fairly submitted to the jury by the instructions given, and the court did not commit error in refusing appellant's requested instruction numbered 4. *Hollenberg* v. *Lane,* 47 Ark. 394.

The judgment is affirmed.