HORN v. BRAND.

Opinion delivered April 22, 1918.

BILLS AND NOTES—CONDITION SUBSEQUENT.—A. executed his note to B. the parties agreeing that the note was to be void if A. failed to secure a certain position. B. brought an action against A. on the note. *Held,* the agreement was for a condition subsequent, and that A. could defeat his promise only by proof of the happening of the condition which was to render the note void.

Appeal from Perry Circuit Court; *G. W. Hendricks,* Judge; affirmed.

*Sellers & Sellers,* for appellant.

1. The judgment is sustained by neither the law nor facts. There was no note. Only a conditional contract and the burden was on appellee to show performance of the conditions. It was error to refuse appellant the privilege of proving his defense. 3 Ark. 222; 30 *Id.* 186; 9 Cyc. 699, 782.

### STATEMENT OF FACTS.

D. A. Brand sued U. G. Horn on a promissory note for $324.14. The note was given for the purchase, by Horn, of a claim held by Brand against the Bank of Casa and was executed under the following contract:

"Be it remembered that on this 28th day of January, 1916, I, D. A. Brand, hereinafter known as the party of the first part, and U. G. Horn, hereinafter known as the party of the second part, witnesseth:

"That the said second party has this day purchased from the said first party his claim against the Bank of Casa, Casa, Ark., and gave his note for same' due in ten months from date, and the said first party has assigned his claim to the said second party.

"Now, if the said second party fails to get possession of all the claims against the Bank of Casa, Casa, Ark., and is not placed in charge of the liquidation of the affairs of the Bank of Casa, Casa, Ark., then the above' note shall be null and void and shall be given back to the said second party without cost and the said second party agrees to deliver the above claim to the party of the first part on receipt of the above note, otherwise to remain in full force.

"D. A. Brand, Party of the first part.
"U. G. Horn, Party of the second part."

The following agreed statement of facts was also introduced in evidence:

"It is agreed that the contract attached to the pleadings in this cause was executed and delivered. The defendant admits that at no time he demanded his note or offered to return the assignment to the plaintiff. Plaintiff

admits that at no time did he demand the return of the assignment or offer to return the note in suit.''

The case was tried before the court sitting as a jury. The court found in favor of the plaintiff and judgment was rendered accordingly for the balance due on the promissory note. The defendant has appealed.

HART, J. (after stating the facts). The note sued on was introduced in evidence and shows that the defendant owed the amount for which judgment was rendered if the note was a valid obligation. The note was executed pursuant to the terms of the contract and this brings us to the question of whether or not the condition in the contract was a condition precedent or a condition subsequent.

In the case of *Cooper* v. *Green,* 28 Ark. 48, the court speaking with reference to a deed said: ''Conditions precedent are, as the term implies, such as must happen before the estate dependent upon them can arise or be enlarged, while conditions subsequent are such as, when they do happen, defeat an estate already vested.''

A condition subsequent in the law of contracts, is one which, if performed or violated, as the case may be, defeats the contract. 13 C. J. 565. Tested by this rule we are of the opinion that the condition in the contract in the present case was a condition subsequent. Neither of the parties offered any evidence in the court below as to whether or not the defendant was placed in charge of the liquidation of the affairs of the Bank of Casa. In the case of a condition subsequent, the happening of which, is to defeat the cause of action, the burden of proof rests on the defendant. 13 C. J. 764, Sec. 957.

In the case of *Thayer* v. *Connor,* 5 Allen (Mass.) 25, the court held, (quoting from syllabus) ''If a written promise to pay money is given with a condition providing that it shall be void upon the happening of a certain event, the burden of proof, in an action against the maker, is upon the defendant to show that the event has happened.''

The record does not show that the defendant offered to prove that he failed to get possession of the claims against the Bank of Casa and that he was not placed in charge of the liquidation of its affairs.

It follows that the judgment must be affirmed.