Siiohl, P. J.
In December, 1915, plaintiff in error, which was also the plaintiff below, entered into a contract on the printed form furnished by defendant, whereby it agreed to purchase, and The Banner Packing Company agreed to deliver, 5,000 cases of canned corn at 60 cents per dozen, f. o. b. factory. Shipment was to be made as soon as packed and ready for delivery, terms *88 1 Yzjo off cash in ten days. “In case of the destruction of the Canning Factory, seller is not liable for non-deliver}*-.”
In 1916, when part of the corn had been shipped, the contract was modified by the parties by an agreement that the 2,000 cases then remaining undelivered should be furnished out of the pack of the following year, at the 1916 price.
. In April, 1918, plaintiff brought suit alleging merely a contract for the delivery of the corn, and that defendant had packed sufficient corn to make delivery, and could have delivered it, but that ■ defendant failed and refused to deliver any of the 2,000 cases, though plaintiff made demand and was ready and willing to pay. Plaintiff prayed for damages for breach of contract.
Defendant in its answer set up that the agreement contained a condition that in case of the destruction of the canning factory, defendant would not be liable for non-delivery. It further alleged that it completed its 1917 pack on October 11, 1917; that on October 14, 1917, a part of its factory, in which its pack for that year was stored, was totally destroyed by fire, thus rendering the corn unfit for market and making it impossible to deliver the corn to plaintiff. In its reply plaintiff admitted the contract as averred by defendant, and denied “that the Canning Factory, or any part thereof, was destroyed by fire on the 14th day of October, 1917, or at any other time.”
A jury trial was had. There was some incidental reference to a fire in the testimony of- officers of the defendant, given as if under cross-examination, pursuant to Section 11497, General *89 Code. It may be noted that plaintiffs were not concluded by the testimony so given; but the evidence fell short of establishing the destruction of the canning factory. At the conclusion of plaintiff’s testimony the court instructed the jury to render a verdict in favor of the defendant, for the reason that the contract was conditional and plaintiff had failed to offer evidence tending to prove that there had not been a destruction of the canning factory.
The contract required the defendant to furnish the corn, f. o. b. factory, in 1917. The provision as to the destruction of the factory stipulated a contingency on the happening of which defendant should be discharged from liability. Such a condition is a condition subsequent, by the happening or performance of which a contract, already in effect, may be defeated. (Title Guaranty & Surety Co. v. Nichols, 224 U. S., 346, 351.) In an action on a contract which refers on its face to such a contingency, the plaintiff need not allege that such a contingency has not happened, but if the defendant relies upon it as a defense, he must allege and prove that it did happen. 9 Cyc., 727; 13 Corpus Juris, 718; Smokeless Fuel Co. v. Seaton & Sons, 105 Va., 170; Woofers v. International & G. M. Rd. Co., 54 Tex., 294; Root v. Childs, 68 Minn., 142; Hudson v. Archer, 4 S. D., 128, 136; Moody v. Ins. Co., 52 Ohio St., 12. See also Mumaw v. Western & Southern Life Ins. Co., 97 Ohio St., 1.
The court therefore erred in holding that the burden of proof in respect to the destruction of the canning factory was on the plaintiff. To *90 prevent recovery on that ground the burden is on the defendant to show that there was a “destruction of the canning factory.”
The case of Leisy & Co. v. Zuellig, 7 C. C., 423, cited to support the view of defendant, was one where there was an issue as to the existence of the contract claimed by plaintiff. In the case at bar the contract stands admitted in the pleadings and there remained only the questions of performance and excuse for non-performance of it.
It is contended, however, that the judgment of the court was correct, even if the reason assigned •by it was erroneous. It is urged that the contract was one to sell specific goods, and that under paragraph 1 of Section 8388, General Code, the contract is avoided if the goods wholly perish. It might be sufficient to point out that the evidence did not establish that the goods wholly perished. The argument, however, is based upon an incorrect interpretation of the phrase “specific goods.” Specific goods are existing goods, agreed upon and identified at the time a contract to sell or a sale is made. (Section 8456, General Code, paragraph 1.) The fact that goods are to be made in the future in accordance with specifications does not render them specific goods. They, are “future goods.”
Defendant urges that plaintiff failed to prove that it was ready and willing to pay defendant as alleged. This must be considered in view of the sequence of performance fixed by the parties in their contract. Plaintiff was to receive the goods f. o. b. defendant’s factory, and was not required to pay till ten days thereafter. He was *91 not obliged to be ready to pay until after defendant had made the shipment. Williston on Sales, Section 448.
The argument, therefore, that the judgment may be sustained for reasons different from those given by the trial court can not be sustained. The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Cushing, J., and Richards, J. (sitting in place of Hamilton, J.), concur.