CHENEY v. AUTO FEDAN HAY PRESS COMPANY.

Opinion delivered December 20, 1920.

1. BILLS AND NOTES—BURDEN OF PROOF OF PAYMENT.—Where defendant, sued on his note, admitted the execution of the note and pleaded payment and a counterclaim, the burden was upon him to show payment and to establish the allegations of his counterclaim.

2. BILLS AND NOTES—POSSESSION AS PRESUMPTIVE OF NONPAYMENT. —Plaintiff's possession of defendant's note raises a presumption of nonpayment.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

*Cooper Thweatt,* for appellant.

1. As to the $200 item claimed by way of cross-complaint for rice straw claimed to have been sold to appellee, the evidence seems to be evenly balanced, and we will not discuss it.

2. The court erred in not allowing the $171.75 credit claimed by appellant for hay furnished appellee through its agent, Patterson, and in not allowing the $7.70 for repairs to put the hay press in first-class condition.

As to the $171.75 credit, this was a payment on the note, and should have been allowed as a credit on the note. As to the hay transaction, appellant's testimony is absolutely uncontradicted.

3. The finding of the chancellor is against the clear preponderance of the evidence and should be reversed. 83 Ark. 340; 102 *Id.* 383; 98 *Id.* 459.

Offers made in an effort to compromise can not be proved as admissions. 1 Enc. of Ev. 596; 85 Ark. 345; 22 C. J. 308. The court should purge the evidence and reach a conclusion supported by competent and credible

evidence (43 Ark. 319), and appellant should be credited with the $171.75 and the $7.70 for necessary repairs.

*Gregory & Holtzendorff*, for appellee.

The appellant not only failed to show by a preponderance of the evidence that the note was paid, but the clear preponderance of the testimony shows that the note was not paid, as the chancellor found.

WOOD, J. This action was begun by the appellee against the appellant in the circuit court of Prairie County on a promissory note. The appellee alleged that the appellant executed and delivered to it on March 27, 1912, his promissory note in the sum of $255.08, payable on October 1, 1912, at 8 per cent. interest; that the note with interest to January 1, 1916, was due and unpaid, and prayed judgment for same. The appellant answered admitting the execution of the note and pleaded that there had been a payment thereon of $171.75 in hay sold by the appellant to the appellee and in repairs of $7.70, making a total of $179.45. The appellant also set up that he had sold to the appellee through its agent, Roy Shirkey, fifty tons of pressed rice straw, which appellee, through no fault of appellant, neglected and failed to take, to appellant's loss in the sum of $200. The appellant prayed that the note be credited with the $179.45, that the remainder be off-set by his counterclaim in the sum of $200, and that he have judgment for the balance, and that the note be canceled and surrendered to the appellant. The case, on motion of the appellant, was without objection transferred to the chancery court. The appellee answered denying all the allegations of the answer and cross-complaint.

The appellant testified that the note in suit was executed in renewal of original notes, and that when the note was given he had sold to one Patterson, appellee's agent, three car loads of hay to be credited on the note. The appellee was also to give appellant credit for a repair bill. He claimed that he had a memorandum of the

repairs made and also of the hay that was shipped to the appellee, amounting in the aggregate to the sum claimed in his answer; that he sold to appellee's agent, Shirkey, who had the note for collection, fifty tons of rice straw; that this straw was to be loaded at the station of Mesa where Shirkey was to furnish the car and give shipping instructions; that he afterward notified Shirkey when the straw was ready, but Shirkey never furnished the car or gave shipping instructions, and consequently the appellant did not realize more than $100 on the straw. Shirkey was to pay $5 per ton for the straw and the amount was to be credited on the note and the balance to be paid appellant in cash.

Shirkey testified on behalf of the appellee. He agreed to take thirty-six tons of straw from the appellant and stated that he gave shipping instructions to Cheney at the time and told him to notify witness and to give him the number and initials of the car when he had loaded the same. He saw Cheney after that at different places, but nothing was said about the straw.

Appellee introduced certain correspondence with its agents in regard to the account, some of which we do not regard as competent and none of sufficient importance to set forth. One of the exhibits, however, was a letter from appellant to appellee in which the appellant stated that he noticed that appellee had brought suit against him for the hay press and in which he stated that he only had the hay press to give to appellee, and that, if appellee would look up the records to see what was against appellant, appellant thought appellee would be glad to settle that way, and stating that if appellee would not take the press that it could go ahead and get what it could out of it. In this letter appellant stated that he had paid the first note and concluded his letter by saying that he had nothing and could not borrow $5 if he had to be hung. The court entered a decree in favor of the appellee, from which is this appeal.

The appellant, having admitted the execution of the note and tendered an answer pleading payment and counterclaim, the burden was upon him to show payment and establish the allegations of his counterclaim. *Hamby* v. *Brooks,* 86 Ark. 448; *Continental Gin Co.* v. *Benton,* 104 Ark. 367, and other cases cited in 4 Crawford's Digest, page 3955, § 76. The appellee had possession of the note, which raised a presumption of nonpayment. *Davis* v. *Gaines,* 28 Ark. 440. The appellant did not show by a preponderance of the evidence that the note had been paid. On the contrary, we are convinced from a preponderance of the evidence that the note was not paid. The decree of the chancery court is therefore correct, and it is affirmed.