MAURER, APPELLEE, *v.* CHANDLER, APPELLANT.

(No. 816—Decided April 21, 1954.)

*Mr. C. Vernon Lee,* for appellee.
*Mr. R. A. Mawbray,* for appellant.

MONTGOMERY, J. On August 28, 1951, the plaintiff filed in the Court of Common Pleas a petition in which he averred that he did, on January 24, 1949, at the request of and for the accommodation of the defendant and without consideration, execute a promissory note in the sum of $775, payable in installments of $25 each; that such note was negotiated to the Oxford Bank at Newcomerstown; that the defendant failed to pay the

note; and that the plaintiff was compelled to, and did pay it in the then amount of $869.90, for which amount with costs the plaintiff prayed judgment.

In an amended answer the defendant admitted the execution by the two parties hereto of the note by the terms of which it was to be payable in installments of $25 each, and denied all the other allegations of the petition.

Defendant averred further as an answer that on January 24, 1949, he agreed to purchase from the plaintiff certain coin operated machines; that the note in question was for the purchase price of these machines; that $25 was paid, and the note executed for the balance of the purchase price; that, while the note was made payable to the Oxford Bank of Newcomerstown, that was done solely as an accommodation and the note was that day assigned by endorsement to the plaintiff; and that he paid an additional $25, and no more.

He averred further "that as a condition—subsequent thereto defendant was to tender—back to plaintiff said machines if or when 'he could not use them, or could not legally operate same.' "

He averred also that shortly after the execution of the note in accordance with the terms of this condition subsequent to the agreement, he tendered back the machines.

A reply was filed which admitted that the note represented the agreed purchase price "of certain coin operated machines belonging to plaintiff; admits the payment in cash and the assignment of the note, and denied the other allegation of the petition."

With the pleadings in this condition, the cause went to trial before a jury. At the conclusion of all the evidence the trial court directed a verdict for the plaintiff for the amount claimed in the petition with costs.

A motion for new trial having been filed and overruled, final judgment was rendered, and from that

judgment this appeal was perfected to this court upon questions of law and fact, and that appeal having been heretofore dismissed, the cause is now submitted as an appeal on questions of law.

Defendant, appellant herein, has assigned 12 errors, most of which are restatements of the same proposition, and, except as hereinafter suggested, we find no merit in them and they are ignored.

We have read the bill of exceptions with care. The record does not sustain in any respect the allegations of the plaintiff's petition.

This note was an accommodation only in the sense that it was for the benefit, not of the bank, but of the plaintiff. The bank really was nothing more than a collection agency and by the agreement the amounts to be paid by the defendant were to be credited by the bank to the plaintiff. In another sense it was not an accommodation because the plaintiff's own evidence shows that it was for the sale of certain personal equipment, to wit, slot machines, pin-ball machines, penny machines and music boxes.

In another respect the allegations of the petition are not sustained because the plaintiff was not compelled to, and did not pay to the Oxford bank, the amount of this note. It was at the time of the filing of the petition and long had been in the ownership, possession and control of the plaintiff himself.

There was a fatal variance between the allegations of the petition and the proof. However, the defendant did not avail himself of this situation but relied upon his defense. We have heretofore set forth the substance of his defense. In his brief, however, he claims want of consideration and illegality of consideration. Those claims are not specifically pleaded, and they are not sustained by the evidence. At the time of the sale of this equipment from the plaintiff to the defendant, the ownership or possession was not illegal as to any

of it. As to some of it, it is not now illegal. There was a consideration, and at the time of the transaction, a consideration that was not illegal. The act of the Legislature making ownership or possession or exhibition of gambling devices illegal did not come into effect until September 18, 1951, more than two and one-half years after this attempted sale.

However, the defendant does have one other alleged defense which has caused us a great deal of concern, and that is his contention as to a condition subsequent.

The defendant testified, and his testimony was stricken, that plaintiff stated that he would take $800 for the equipment, and that "I told him I would take them on one condition, if I could make them pay for themselves, I would take them off his hands." And when inquiry was made about what happened after the execution of the note, the defendant stated: "Well, after the note was signed I gave him $25 and a month later I gave him $25, and a month later Governor Lausche knocked the props out from under the slot machines and that was all over."

The defendant's wife testified more specifically in respect to this defense when she testified in effect that she heard the conversation between the parties, and that her husband stated that he would take the machines on that agreement if he could use them.

As stated heretofore, at the conclusion of this evidence, the trial court directed a verdict for the plaintiff for the amount claimed. The one and only assignment of error which we are inclined to take seriously is the rejection of the evidence offered by the defendant as to a condition subsequent and of course with this evidence excluded, the court was not in error in directing a verdict.

What is a condition subsequent? We recognize the fact that the burden of sustaining the existence of such a condition is upon the defendant, but here he made

the attempt and was prohibited from proving his contention. The general proposition is discussed in all text books with which we are familiar, and in many cases.

For instance, in the case of *W. N. Clark Co.* v. *Banner Packing Co.*, 12 Ohio App., 87, it is stated in the first branch of the syllabus:

"A contingency stipulated in a contract, on the happening or performance of which the contract, already in effect, may be defeated, constitutes a condition subsequent."

It has been stated also that a condition subsequent may be a contingency on the happening or performance of which a liability under a contract is divested.

A case very near and very clearly in point is that of *Horn* v. *Brand,* an Arkansas case reported in 133 Ark., 567, 203 S. W., 5. The first paragraph of the Southwestern Reporter headnotes reads:

"A condition in a contract, the happening of which will defeat a note given pursuant thereto, is a 'condition subsequent.' "

In that case one of the parties had purchased from the other his claim against a certain bank, and had given his note therefor. It was agreed that if the purchaser failed to get possession of all the claims against this bank then the note should be null and void and given back.

The court in its opinion states:

"A condition subsequent in the law of contracts, is one which, if performed or violated, as the case may be, defeats the contract. 13 C. J., 565. Tested by this rule we are of the opinion that the condition in the contract in the present case was a condition subsequent."

With the thought in mind of the applicability of this doctrine to the facts in the instant case, and considering the peculiar situation in the case, the nature of

the pleadings, the variance in proof, the handicap of defendant's counsel, which he admits and asserts, and the direction of the verdict by the court, we are of the opinion that this judgment should be reversed. Accordingly, it is reversed and the cause is remanded to the Court of Common Pleas for such further proceedings as may be adopted and followed by counsel and the court, not inconsistent with this opinion.

*Judgment reversed.*

PUTNAM, P. J., and McCLINTOCK, J., concur.